UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO

CASE NO: 2:21cv14436

Plaintiffs,

v.

UBER TECHNOLOGIES, INC., RASIER LLC, RASIER-CA LLC and CARLOS IVAN SILVA VELASQUEZ

Defendants.

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW, Plaintiffs, STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO, by and through the undersigned, sue Defendants UBER TECHNOLOGIES, INC., RASIER LLC, RASIER LLC-CA and CARLOS IVAN SILVA VELASQUEZ for Intentional Inflcition of Emotional Distress and allege:

## JURISDICTION AND VENUE

1. Jurisdiction is proper as the amount in controversty is in excess of $75,000 and the Parties have full diverse citizenship under 28 U.S.C. §1332.

2. Venue is appropriate in this Court. All acts alleged were committed by Defendants who reside in Delware and California, casuing injury to the Plaintiffs who reside in Washington and Florida. The incident occurred in Los Angeles County, California.

## PARTIES

3. Plaintiff STEPHANIE RUBIN is an adult female and mother of Plaintiff AUBREY RUBIN. STEPHANIE RUBIN is a United States Citizen and resident of the State of Florida.

4. Plaintiff AUBREY RUBIN is an adult female, the daughter of STEPHANIE RUBIN, a United States Citizen and resident of the State of Washington.

5. Plaintiff DAMIAN TREJO is an adult male, United States Citzen and resident of the State of Washington.

6. Defendant UBER TECHNOLOGIES, INC. (hereinafter "UBER") is a Delawre Corporation with a principal place of business in San Francisco, Claifornia, which conducts business throughout the United States, including Los Angeles, California.

7. Defendant RASIER LLC is a Delaware Limtied Liability Company which is a wholly owned subsidiary of UBER and the parent company of Defendant RASIER-CA LLC, a Delaware Limited Liability Company. Both RASIER LLC and RASIER-CA, LLC have their principal place of business in San Francisco, California, and conduct business throughout the United States, including in Los Angeles, California.

8. UBER uses RASIER LLC and/or RASIER-CA LLC to operate a Transporation Network Company commonly known as Uber.

9. Plaintiffs are informed and believe, and on the basis of said information and belief allege, that there is a unity of interest and operation between UBER, RASIER LLC, and RASIER-CA LLC, such that their separate and independent classification is but a fiction and that each are the alter-ego of the other.

10. Defendant CARLOS IVAN SILVA VELASQUEZ (hereinafter "VELASQUEZ") is an adult male and resident of Los Angeles County, California.

11. On November 5, 2019, at all times material to matters alleged in this Complaint, VELASQUEZ was a driver/transportation provider who was operating a personal vehicle using the Uber App and as such, was an agent and/or employee and/or partner of UBER and/or RASIER LLC, and/or RAISER-CA LLC.

12. Plaintiffs are informed and believe, and the basis of said information and belief allege at all times material to this Complaint, UBER and/or RASIER LLC and/or RASIER-CA LLC were the employer of Defendant VELASQUEZ and/or an agency relationship existed between them.

13. At all times matrial to this complaint, VELASQUEZ was acting in the course an scope of his employment or agency with UBER and/or RASIER LLC and/or RASIER-CA LLC.

14. Further, Plaintiffs are informed and believe, and on the basis of said believe allege, that at all times material to the matters alleges in this Complaint, each of the named Defendants was the agent and/or employer and/or partner of the remaining Defendants, and in doing the thing herein alleged, was acting in the course and scope of such agency and/or employment and/or aided and abetted the others and/or ratified the actos of the others so as to make them liable or the Plaintiff's damages.

15. Defendants are liable for the acts of each other through principals of respondeat superior, agency, ostensible agency, partnership, alrer-ego and vicarious liability.

## UNDERLYING FACTS

16. Plaintiff STEPHANIE RUBIN was in Los Angeles to assist her daughter, Plaintiff Aubrey Rubin, and her daughter's boyfriend, Plaintiff DAMIAN TREJO, in moving out of state.

17. On November 5, 2019, Plaintiffs used the Uber App to schedule transportation from the hotel at which Stephanie Rubin was staying, to the apartment where Aubrey Rubin lived.

18. The Uber App arranged Defendant VELASQUEZ to transport the three Plaintiffs in a 2015 Toyota Camry ("The Uber Camry").

19. After the rideshare transportation commenced, while stopped in traffic at a red light on Franklin Avenue at the intersection with Garfield Place, The Uber Camry was rear-ended by large a 4-door sedan.

20. The impact from the collision caused immediate pain to the Plaintiffs.

21. STEPHANIE RUBIN screamed and VELESQUEZ opened up his driver door and stepped outside to check on the vehicle damage and his passengers.

22. While VELASQUEZ was outside of the vehicle, AUBREY RUBIN and DAMIAN TREJO noticed the at-fault driver did not exit his vehicle.

23. In fact, the large sedan that rear-ended The Uber Camry manuevered away from the collision scene and started turning into the next lane of traffic appreaing to drive away.

24. As soon as VELASQUEZ realized the other vehicle was leaving, he stopped assessing the injury to Stephanie and his vehicle, he shut the rear passenger door, jumped back into the driver seat, slammed his door shut and proceeded to dramatically accelerate in pursuit of the large sedan.

25. At this moment, VELASQUEZ made the intentional decision to confine the Plaintiffs in the passenger compartment of The Uber Camry, while he chased the large sendan which had fled the collisison scene.

26. VELASQUEZ's decision to chase the large sedan, while he had injured passengers in his car, was outrageous conduct.

27. VELASQUEZ acted with reckless disreagard of the probability that STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO would suffer emotional distress while knowing he was subjecting his passengers to his outrageous conduct.

28. VELAZQUEZ' chase turned off Franklin Avenue and proceeded down Garfield Place, with all of the Plaintiffs yelling to the Uber driver to stop and asking VELASQUEZ to pull over.

29. VELASQUEZ refused the Plaintiffs' demands to pull over and let them out of the vehicle.

30. VELASQUEZ continued chasing the hit and run driver at high speeds in excess of the posted speed limits and in so doing violated California Vehicle Code 22348.

31. During the chase, The Uber Camry jumped three speed bumps without decelerating, exacerbating the prior injuries sustained by Plainitffs from the initial rear-end collision.

32. All of the foregoing actions by VELASQUEZ in The Uber Camry caused fright and panic to all of the Plaintiffs who thought they might die in the mahem of the chase.

33. VELASQUEZ continued to chase the large sedan onto Hollywood Blvd., finally pulling over near the intersection St. Andrew's Place, only after the large sedan eluded VELASQUEZ' pursuit by accessing the Hollywood Freeway.

34. Once out of the vehicle, AUBREY RUBIN called 911 while VELASQUEZ called UBER and/or RASIER LLC and/or RASIER-CA LLC to report the incident.

35. EMS arrived on scene and transported STEPHANIE RUBIN to Hollywood Presbyterian Hospital.

36. All Plaintiffs suffered physical harm and treated their injuries in the months following the accident.

37. The chase by VELASQUEZ exacerbated the initial physical injuries suffered by the Plaintiffs during the rear-end collision.

38. The chase by VELASQUEZ caused all Plaintiffs serious and severe emotional distress that has continued.

<b><u>COUNT I- Intetional Infliction of Emotional Distress<br>by All Plaintiffs against VELASQUEZ</u></b>

39. Plaintiffs incorporate by reference as if fully set fourth herein numbered paragraphs 1 thorugh 38.

40. VELASQUEZ committed Intention Infliction of Emotional Distress to all Plaintiffs when he:

    a. Intentionally deprived STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO of freedom of movement by use of physical barriers and confined them to the back seat of The Uber Camry;

    b. Such restraint inside the vehicle compelled STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO to be part of a dangerous, high speed car chase;

    c. STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO never consented to remain inside the vehicle following the rear-end collision, to be driven against their will off the designated rideshare travel route on a high speed chase;

    d. STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO suffrerd harm in the form of physical injuries, severe emotional distress, humiliation, loss of time, business interruption, physical discomfort and inconvenience, in the past and in the future;

       e.    VELASQUEZ's conduct was a substainal factor in causing severe emotional distress to the Plainitffs.

41. VELASQUEZ's intentional conduct and outrageous behavior towards Plaintiffs was done with complete disregard for their safety and well-being and therefore necessitates punitive damages.

WHEREFORE, Plaintiffs demand judgment against VELASQUEZ for actual compensatory damages, pain, suffering and emotional distress, attorney fess and costs, and demand a jury trial of all issues so triable. Plaintiffs reserve the right to move for punitive damages pursuant to California Civil Code Section 3294.

### COUNT II- Intetional Infliction of Emotional Distress by All Plaintiffs against UBER and/or RASIER LLC, and/or RASIER-CA LLC

42. Plaintiffs incorporate by reference as if fully set fourth herein numbered paragraphs 1 thorugh 38.

43. During all times matieral to the allegations in this Complaint, Defendant VELASQUEZ was acting in the course and scope of his employment, agency or partnership with Defendants UBER and/or RASIER LLC and/or RASIER-CA LLC.

44. While working through the Uber App for UBER and/or RASIER LLC and/or RASIER-CA LLC, VELASQUEZ committed Intetional Infleiction of Emotional Distress to all Plaintiffs during the rideshare when he:

       a.    Intentionally deprived STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO of freedom of movement by use of physical barriers and confined them to the back seat of The Uber Camry;

  b. Such restraint inside the vehicle compelled STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO to be part of a dangerous, high speed car chase;

  c. STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO never consented to remain inside the vehicle following the rear-end collision, to be driven against their will off the designated rideshare travel route on a high speed chase;

  d. STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO sufferrd harm in the form of physical injuries, severe emotional distress, humiliation, loss of time, business interruption, physical discomfort and inconvenience, in the past and in the future;

  e. VELASQUEZ's conduct was a substainal factor in causing severe emotional distress to the Plainitffs.

45. UBER and/or RASIER LLC and/or RASIER-CA LLC are vicariously liable for the actions of VELASQUEZ committed during the course and scope of his Uber ride with Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against UBER and/or RASIER LLC and/or RASIER-CA LLC for actual compensatory damages, pain, suffering and emotional distress, attorney fess and costs, and demand a jury trial of all issues so triable.

### COUNT III- Negligent Infliction of Emotional Distress
### by All Plaintiffs against VELASQUEZ

46. Plaintiffs incorporate by reference as if fully set fourth herein numbered paragraphs 1 thorugh 38.

47. VELASQUEZ owed a duty to STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO when he accepted them as passengers into The Uber Camry.

48. VELASQUEZ breached the duty owed to STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO when following the rear end collision, he unreasonably decided to chase after the vehicle that had read ended The Uber Camry, with the Plainitffs confined in the backseat.

49. VELASQUEZ's actions constitute Negligent Infecition of Emotioanl Distress when:

    a. VELASQUEZ deprived STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO of freedom of movement by use of physical barriers and confined them to the back seat of The Uber Camry;

    b. VELASQUEZ subjected STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO a high speed chase against their will;

    c. STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO suffrerd harm in the form of physical injuries, serious emotional distress, humiliation, loss of time, business interruption, physical discomfort and inconvenience, in the past and in the future;

    d. VELASQUEZ's negligent conduct was a substainal factor in causing serious emotional distress to the Plainitffs.

WHEREFORE, Plaintiffs demand judgment against VELASQUEZ for actual compensatory damages, pain, suffering and emotional distress, attorney fess and costs, and demand a jury trial of all issues so triable.

### COUNT IV- Negligent Infliction of Emotional Distress by All Plaintiffs against UBER and/or RASIER LLC, and/or RASIER-CA LLC

50. Plaintiffs incorporate by reference as if fully set fourth herein numbered paragraphs 1 thorugh 38.

51. During all times matieral to the allegations in this Complaint, Defendant VELASQUEZ was acting in the course and scope of his employment, agency or partnership with Defendants UBER and/or RASIER LLC and/or RASIER-CA LLC.

52. VELASQUEZ owed a duty to STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO when he accepted them as passengers into The Uber Camry.

53. VELASQUEZ breached the duty owed to STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO when following the rear end collision, he unreasonably decided to chase after the vehicle that had rear-ended The Uber Camry, with the Plainitffs confined in the backseat.

54. VELASQUEZ's actions constitute Negligent Infecition of Emotioanl Distress when:

    a. VELASQUEZ deprived STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO of freedom of movement by use of physical barriers and confined them to the back seat of The Uber Camry;

    b. VELASQUEZ subjected STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO a high speed chase against their will;

    c. STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO suffrerd harm in the form of physical injuries, serious emotional distress, humiliation, loss of time, business interruption, physical discomfort and inconvenience, in the past and in the future;

        d.      VELASQUEZ's negligent conduct was a substainal factor in causing serious emotional distress to the Plainitffs.

    55.      UBER and/or RASIER LLC and/or RASIER-CA LLC are vicariously liable for the negligent actions of VELASQUEZ committed during the course and scope of his Uber ride with Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against UBER and/or RASIER LLC and/or RASIER-CA LLC for actual compensatory damages, pain, suffering and emotional distress, attorney fess and costs, and demand a jury trial of all issues so triable.

### COUNT V - False Imprisonment by All Plaintiffs against VELASQUEZ

    56.      Plaintiffs incorporate by reference as if fully set fourth herein numbered paragraphs 1 thorugh 38.

    57.      VELASQUEZ committed the intentional tort of false imprisonment to all Plaintiffs when he:

        a.      Intentionally deprived STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO of freedom of movement by use of physical barriers and confined them to the back seat of his Toyota Camry;

        b.      Such restraint inside the vehicle compelled STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO to be part of a dangerous, high speed car chase;

        c.      STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO never consented to remain inside the vehicle following the rear-end collision, to be driven against their will off the designated rideshare travel route on a high speed chase;

  d. STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO suffrerd harm in the form of physical injuries, emotional suffering, humiliation, loss of time, business interruption, physical discomfort and inconvenience, in the past and in the future;

  e. VELASQUEZ's conduct was a substainal factor in casuing harm to the Plainitffs.

58. VELASQUEZ's intentional conduct and outrageous behavior towards Plaintiffs was done with complete disregard for their safety and well-being and therefore necessitates punitive damages.

  WHEREFORE, Plaintiffs demand judgment against VELASQUEZ for actual compensatory damages, pain, suffering and emotional distress, attorney fess and costs, and demand a jury trial of all issues so triable. Plaintiffs reserve the right to move for punitive damages pursuant to California Civil Code Section 3294.

### COUNT VI - False Imprisonment by All Plaintiffs against UBER and/or RASIER LLC, and/or RASIER-CA LLC

59. Plaintiffs incorporate by reference as if fully set fourth herein numbered paragraphs 1 thorugh 38.

60. During all times matieral to the allegations in this Complaint, Defendant VELASQUEZ was acting in the course and scope of his employment, agency or partnership with Defendants UBER and/or RASIER LLC and/or RASIER-CA LLC.

61. While working through the Uber App for UBER and/or RASIER LLC and/or RASIER-CA LLC, VELASQUEZ committed the intentional tort of Fasle Imprisonment to all Plaintiffs during the rideshare when he:

    a.    Intentionally deprived STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO of freedom of movement by use of physical barriers and confined them to the back seat of his Toyota Camry;

    b.    Such restraint inside the vehicle compelled STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO to be part of a dangerous, high speed car chase;

    c.    STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO never consented to remain inside the vehicle following the rear-end collision, to be driven against their will off the designated rideshare travel route on a high speed chase;

    d.    STEPHANIE RUBIN, AUBREY RUBIN and DAMIAN TREJO suffrerd harm in the form of physical injuries, emotional suffering, humiliation, loss of time, business interruption, physical discomfort and inconvenience, in the past and in the future;

    e.    VELASQUEZ's conduct was a substainal factor in casuing harm to the Plainitffs.

62.    UBER and/or RASIER LLC and/or RASIER-CA LLC are vicariously liable for the actions of VELASQUEZ committed during the course and scope of his Uber ride with Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against UBER and/or RASIER LLC and/or RASIER-CA LLC for actual compensatory damages, pain, suffering and emotional distress, attorney fess and costs, and demand a jury trial of all issues so triable.

## **JURY DEMAND**

Plainitffs hereby demand a trial by jury.

Dated: November 4, 2021

*/s/ Todd Norbraten*
Todd Norbraten, Esq.
Florida Bar No.: 56605
Guy Bennett Rubin, Esq.
Florida Bar No. 691305
Rubin & Rubin
2055 South Kanner Highway,
Stuart, Florida 34994
Telephone: (772) 283-2004
Facsimile: (772) 283-2009
grubin@rubinandrubin.com
tnorbraten@rubinandrubin.com
dkrebs@rubinandrubin.com
*Attorneys for Plaintiffs*